UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LANDRY BATTLEY SR., ET AL** | **CIVIL ACTION** |
| **VERSUS** | |
| **HARCROS CHEMICALS, INC.** | **NO. 09-08-B-M2** |

## NOTICE

  Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

  In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

  Signed in chambers in Baton Rouge, Louisiana, March 12, 2009.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**LANDRY BATTLEY SR., ET AL**                                                   **CIVIL ACTION**

**VERSUS**

**HARCROS CHEMICALS, INC.**                                                   **NO. 09-08-B-M2**

### MAGISTRATE'S REPORT AND RECOMMENDATION

This matter is before the Court on the Motion to Remand (R. Doc. 5) filed by plaintiffs, Landry Battley, Sr., and Wanda E. Battley ("the Battleys"). Defendant, Harcros Chemical, Inc. ("Harcros"), has filed an opposition (R. Doc. 10) to the Battleys' motion.

### FACTS & PROCEDURAL BACKGROUND

On or about December 9, 2008, the Battleys filed this suit in the 18th Judicial District Court, Parish of Iberville, State of Louisiana. In the petition, they allege that, on or about December 13, 2007, a large amount of chlorine gas was negligently released from the Harcros Chemical facility, directly exposing Mr. Battley to toxic chlorine fumes. At the time of the exposure, Mr. Battley was located next door to the Harcros Chemical facility at Delta Petroleum Company (formerly known as Evans Industries), 3950 Highway 30, St. Gabriel, Louisiana, where he was employed. The Battleys further allege that, prior to the December 13, 2007 release, there was another toxic chlorine release by the same Harcros facility on or about October 6, 2003, at which time Mr. Battley was also exposed and that he is still being treated for injuries associated with that prior release, including, but not limited to, severe respiratory ailments, constant fatigue, and both daily and nightly breathing treatments due to severe pulmonary problems. The October 6, 2003 release is the subject of another lawsuit filed by the Battleys, which is pending in the 18th Judicial District Court.

1

According to the Battleys' petition in this case, the December 13, 2007 release "strongly exacerbated all of the above mentioned injuries."

The Battleys further allege in their petition in this case that the December 13, 2007 release occurred because Harcros was negligent in that it should have had better safety standards in place to prevent the subject leak as required by LAC 33:111.905a.  They contend that Harcros' violation of that statute renders it negligent *per se* for all injuries caused thereby.  As a result of the December 13, 2007 release, Mr. Battley asserts claims for the following damages:  (1) Exposure to chlorine and/or other dangerous substances and resultant physical injury; (2) Physical pain and suffering; (3) Mental anguish and fear of cancer or other serious illnesses; (4) Respiratory ailments; (5) Medical, hospital, and pharmaceutical expenses, past and future; (6) Nausea, cold/flu-like symptoms; (7) Lost wages; (8) Severe and recurring headaches; and (9) Any other such damage claim or damage action as recognized under law.  Additionally, Mrs. Battley seeks damages for loss of consortium and for loss of the love and affection of Mr. Battley due to his alleged injuries.  The Battleys prayed for a trial by jury in state court.

On January 7, 2009, Harcros removed the Battleys' action to this Court on the ground that this Court has original jurisdiction pursuant to 28 U.S.C. §1332 based upon the diversity of citizenship between the Battleys and Harcros and because the amount in controversy in this matter exceeds $75,000.00.  The Battleys have now filed the present motion, seeking remand of this action to state court on the ground that their claims in this case do not satisfy the jurisdictional amount of $75,000.00 required for diversity jurisdiction.  The Battleys further contend that the Notice of Removal in this case is defective in that it

fails to comply with 28 U.S.C. §1446(a) because it does not contain an applicable basis for removal.  According to the plaintiffs, in addition to the fact that diversity jurisdiction does not exist herein, Harcros failed to allege in its Notice of Removal that this case arises under any federal statute or constitutional provision, and federal question jurisdiction therefore cannot serve as a basis for removal in this case either.  Finally, the Battleys request that they be awarded the reasonable costs and expenses that they have incurred in connection with defending against Harcros' removal.

## **LAW & ANALYSIS**

Under 28 U.S.C. § 1332(a), a federal court has diversity jurisdiction if the matter in controversy:  (1) exceeds $75,000.00, exclusive of interest and costs, and (2) is between citizens of different states.[1]  Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, the removing defendant has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000).  A defendant makes that showing when it is "facially apparent" from a reading of the complaint that the plaintiff's claims are likely to exceed $75.000.00.  *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

If it is not "facially apparent," the court may rely on "summary judgment-type" evidence relevant to the amount in controversy at the time of removal to make the determination.  *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)*; White v.*

---

[1] It is undisputed that the parties to this matter are citizens of different states, as the Battleys alleged in their petition that they are domiciled in the Parish of Iberville, State of Louisiana, and that Harcros is domiciled in Kansas City, Kansas.

*FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003).  All doubts and uncertainties regarding federal jurisdiction must be resolved in favor of remand.  *Sutherland v. First Nationwide Mortgage Corp.*, 2000 WL 1060362 (N.D. Tex 2000).  Under any manner of proof, jurisdictional facts which support removal must be judged at the time of removal, and post-petition affidavits are allowable only if relevant to that period of time.  *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

If a removing defendant shows that the amount in controversy is likely to exceed the federal jurisdictional minimum, the burden then shifts to the plaintiff to show that it is a "legal certainty" that he or she will not be able to recover the jurisdictional amount – a burden which can be met by:  (1) showing state procedural rules binding the plaintiff to his/her pleadings;[2] or (2) filing a binding stipulation or affidavit to that effect with the complaint.  *De Aguilar v. Boeing Co.*, 47 F.3d 1404 (5th Cir. 1995).

Looking solely at the allegations in the Battleys' petition, it is ambiguous as to whether or not their damages in this matter will exceed $75,000.00, exclusive of interest and costs.  The list of damages contained in the petition simply provides the usual and customary damages set forth by personal injury plaintiffs and does not provide the Court with any guidance as to the monetary amount of damages plaintiffs have or will incur in this matter.  Considering that Mr. Battley's only alleged injury in this suit relates to a "strong exacerbation" of the pre-existing respiratory injuries that he sustained as a result of the

---

[2] For example, the plaintiffs' state court petition might cite a state law that prohibits recovery of damages that exceed those requested in the *ad damnum* clause and that prohibits the initial *ad damnum* clause from being increased by amendment.

October 6, 2003 release (a case which has never been removed to this Court based upon an amount in controversy exceeding $75,000.00, despite the fact that plaintiff has been treating respiratory injuries related to the 2003 release for over five years), it is not evident from the petition that his damages for "exacerbation" in this matter are likely to exceed the jurisdictional minimum.  All that the Court can definitively ascertain from the petition concerning a monetary amount of damages is that the amount in controversy exceeds $50,000.00 (based upon the Battleys' jury demand),[3] but the Court is unable to determine, based merely upon the allegations in the petition, that the damages are likely to exceed $75,000.00.[4]

---

[3] *See*, La.C.C.P. art. 1732, which provides that a state trial by jury shall not be available in a suit where the amount of no individual petitioner's cause of action exceeds $50,000.00, exclusive of interest and costs.

[4] In its opposition, Harcros has referred to the fact that the petition does not contain a stipulation limiting plaintiffs' damages to an amount below $75,000.00 in accordance with La. C.C.P. art. 893.  However, the failure to include such a stipulation alone is not determinative of the amount in controversy.  *See, Lilly v. Big E Drilling Co.*, 2007 WL 2407254 (W.D.La. 2007)(If parties may not create subject matter jurisdiction by express agreement or stipulation, which is well settled, then the mere inaction of the plaintiff in failing to include an allegation that his/her damages are less than the federal jurisdictional minimum in accordance with La.C.C.P. art. 893 cannot give rise to presumptive federal jurisdiction or satisfy the defendant's burden of proving, through allegations of fact or record evidence, that the amount in controversy requirement is met); *Weber v.* Stevenson, 2007 WL 4441261 (M.D.La. 2007)(While the failure to include an allegation in the state court petition that one's damages are less than the federal jurisdictional minimum in accordance with La.C.C.P. art. 893 is entitled to "some consideration," it is not, in and of itself, determinative of the amount in controversy);*Berthelot v. Scottsdale Insurance Co. of Arizona*, 2007 WL 716126 (E.D.La. 2007)("[I]n light of the requirement that this Court strictly construe the jurisdictional statutes and resolve ambiguities in favor of remand, the Court disagrees that the silence of the petition [in failing to plead the lack of federal jurisdiction in accordance with La.C.C.P. art. 893] creates federal jurisdiction").

Because the amount in controversy remains ambiguous after considering the allegations in the petition, the Court must next consider whether Harcros has met its burden of proving, through summary judgment-type evidence, that the requisite amount is in controversy in this matter for purposes of diversity jurisdiction. Harcros has not produced any summary judgment-type evidence in support of its argument that the jurisdictional minimum is satisfied in this case. Instead, it merely relies upon the argument that it is "facially apparent" from the allegations in the petition that $75,000.00 is in controversy. As mentioned above, the Court cannot reach that conclusion based solely upon the petition. Accordingly, Harcros has failed to carry its burden of proof upon removal, and as a result, the Court need not consider whether Mr. Battleys' post-removal affidavit demonstrates, to a legal certainty, that he will not be able to recover $75,000.00, exclusive of interest and costs, in this matter.

Finally, relative to the Battleys' request for the attorney's fees and costs associated with defending against Harcros' removal of this case, the Fifth Circuit has held that "[f]ees should only be awarded if the removing defendant lacked 'objectively reasonable grounds to believe the removal was legally proper'." *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004)(quoting *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). Although the Court does not find that it is "facially apparent" from the Battleys' petition that the jurisdictional minimum is satisfied in this case, the Court cannot find that Harcros' removal of this case was "objectively unreasonable." The Court concedes that the decision as to whether removal is appropriate in this case is a "close call," considering that at least $50,000.00 is certainly in controversy based upon the Battleys' request for a state

court jury trial.[5] It is conceivable that, if Harcros had simply come forward with summary judgment-type evidence (*i.e.*, medical records/bills demonstrating the severity and treatment of Mr. Battley's injuries as a result of the exposure in question, jurisprudence demonstrating damage awards in excess of $75,000.00 for Louisiana plaintiffs with the same or similar injuries to that of Mr. Battley, etc.), the Court could have sustained Harcros' removal.  Considering that Mr. Battley's post-removal affidavit does not expressly disavow the fact that he could receive in excess of $75,000.00 in this matter, it may be that he ultimately receives more than that amount in this litigation.  However, the Court cannot make that determination based solely upon the allegations in the petition, and Harcros has not demonstrated that fact by a preponderance of the evidence.  Thus, although remand will be recommended in this matter based upon the information and evidence before the Court and considering the Court's obligation to resolve all ambiguities in favor of remand, the undersigned will not recommend that the plaintiffs receive an award of the attorneys' fees and costs they incurred in bringing their present motion.

## RECOMMENDATION

For the above reasons, it is recommended that the Motion to Remand (R. Doc. 5) filed by plaintiffs, Landry Battley, Sr., and Wanda E. Battley, should be **GRANTED** and that

---

[5] The decision regarding removal is also a "close call" because of the difficulty in distinguishing between those injuries that Mr. Battley sustained as a result of the 2003 release and those that he sustained due to the 2007 release.  Whether or not his injuries from the 2007 release are simply a "strong exacerbation" of his pre-existing respiratory injuries, as he contends, and the extent of treatment for those injuries can only be determined through discovery of his medical records, etc., which the Court does not currently have before it.

this matter should be **REMANDED** to the 18th Judicial District Court, Parish of Iberville, State of Louisiana, for further proceedings. It is further recommended that plaintiffs' request for an award of the attorneys' fees and costs that they incurred in bringing this motion should be **DENIED**.

Signed in chambers in Baton Rouge, Louisiana, March 12, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**